# Notice Recipients

District/Off: 0100−2          User: admin              Date Created: 9/30/2021
Case: 21−02006               Form ID: pdf900          Total: 8

**Recipients of Notice of Electronic Filing:**

| aty | David C. Johnson | bankruptcy@marcusclegg.com |
| aty | Kelly McDonald, Esq. | kmcdonald@mpmlaw.com |
| aty | Lee H. Bals, Esq. | lhb@marcusclegg.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| pla | Michael James Deleo | 7 Railroad Ave | Kennebunk, ME 04043 |
| dft | Anthony Vegnani | 98 Chief Justice Cushing Highway | Scituate, MA 02066 |
| smg | State of Maine | Bureau of Revenue Services | Compliance Division Bankruptcy Unit | P.O. Box 1060 | Augusta, ME 04332 |
| ust | Office of the U.S. Trustee | 537 Congress Street | Portland, ME 04101 |
| ust | Office of U.S. Trustee | 537 Congress Street, Suite 300 | Portland, ME 04101 |

TOTAL: 5

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Michael James Deleo,<br><br>                    Debtor,<br><br><br>Michael James Deleo,<br><br>                    Plaintiff,<br><br>v.<br><br>Anthony Vegnani,<br><br>                    Defendant | Chapter 11<br>Case No. 21-20025<br><br><br><br><br>Adversary Proceeding 21-2006 |

### <u>RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS</u>

The United States Constitution prevents Congress from authorizing this Court to enter a final judgment in this adversary proceeding without the knowing and voluntary consent of the parties. *See* <u>Wellness Int'l Network, Ltd. v. Sharif</u>, 575 U.S. 665 (2015); <u>Stern v. Marshall</u>, 564 U.S. 462 (2011); <u>Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50 (1982). Mr. Deleo, the plaintiff, does not consent to this Court's entry of final orders and judgment in this proceeding. *See* [Dkt. No. 22, ¶ 6]. As a result, this constitutes the Court's proposed conclusions of law, *see* <u>Executive Benefits Ins. Agency v. Arkinson</u>, 573 U.S. 25 (2014), and Fed. R. Bankr. P. 9033 is applicable.

Anthony Vegnani, the defendant, moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Mr. Vegnani argued that the complaint did not state plausible claims for tortious interference with an advantageous business relationship under either Maine or Massachusetts law. At a hearing on June 10, 2021, the Court indicated its agreement with Mr. Vegnani's

assessment of the law and the plaintiff's pleading, and afforded Mr. Deleo an opportunity to file an amended complaint. The Court indicated that, rather than entertaining another round of motion practice, it would evaluate any amended pleading in light of the legal arguments made by the parties in connection with the motion to dismiss the original complaint. Mr. Deleo filed his first amended complaint on June 25, 2021. *See* [Dkt. No. 22].

Mr. Deleo's theory is this: Mr. Vegnani brought a civil action in the United States District Court for the District of Massachusetts against a company called Medlogix. Mr. Deleo posits that Mr. Vegnani did that for the purpose of interfering with Mr. Deleo's employment relationship with Medlogix. Mr. Deleo now contends that Mr. Vegnani's lawsuit against Medlogix "lacked probable cause" when brought.[1] Rather, according to Mr. Deleo, the lawsuit was brought for the sole and wrongful purpose of destroying his employment relationship with Medlogix.

Mr. Vegnani demurs. He points out that Mr. Deleo resigned from his employment with Medlogix while the lawsuit was pending and, in any event, applicable nonbankruptcy law requires something akin to fraud or coercion. Mr. Vegnani observes that his lawsuit against Medlogix survived a motion to dismiss and a motion for summary judgment and was barreling toward a jury trial in the District Court. The parties in this proceeding have now reported, in a hearing in this Court, that the Vegnani/Medlogix lawsuit has been settled for a "substantial sum."

When the rhetoric of and legal conclusions in the amended complaint are stripped away, leaving only the well-pleaded factual allegations, the remainder does not establish a plausible claim for tortious interference.  Maine law requires, among other elements, fraud or intimidation.

---

[1] In his initial pleading, Mr. Deleo averred that "Vegnani knowingly induced Medlogix to forgo that business relationship between it and [Deleo]. That inducement took the form of Defendant Vegnani's lawsuit against Medlogix, *which was completely baseless and without merit*." [Dkt. No. 1 at 1 16] (emphasis added).

*See, e.g.*, <u>Rutland v. Mullen</u>, 798 A.2d 1104, 1110 n.5 (Me. 2002). Massachusetts law requires intentional interference coupled with an improper means or motive. *See, e.g.*, <u>Weber v. Community Teamwork, Inc.</u>, 752 N.E.2d 700, 715 (Mass. 2001). Here, Mr. Vegnani had previously obtained a judgment against MMS and Mr. Deleo. Mr. Vegnani then sued Medlogix, asserting that Medlogix, as a successor to MMS, was liable for Mr. Vegnani's judgment. This Court is not persuaded that Mr. Vegnani's efforts to seek redress for injuries in federal court somehow amounts to-or even comes close to-fraud or intimidation, particularly when the lawsuit had more than a modicum of merit (as determined by the District Court's denial of Medlogix's motions to dismiss and for summary judgment). Similarly, the lawsuit against Medlogix was brought because Mr. Vegnani believed that Medlogix was liable as a successor to MMS. On the surface, the lawsuit was supported by a legitimate motive, namely collection of a judgment. Mr. Deleo's amended complaint does not contain factual allegations that weaken this commonsense conclusion. Perhaps the pendency of Mr. Vegnani's lawsuit against Medlogix put Mr. Deleo in an uncomfortable position with his employer. It may even have caused Mr. Deleo to make difficult choices. But Mr. Deleo's discomfort does not equate to Mr. Vegnani's fraud or intimidation, nor does it establish that Mr. Vegnani filed a lawsuit in federal court for an improper purpose. In short, the Court is persuaded by the arguments raised in Mr. Vegnani's motion to dismiss and those arguments are not undermined, to any extent, by the amended complaint. Under these circumstances, this Court recommends that the District Court enter an

order granting Mr. Vegnani's motion to dismiss the First Amended Complaint under Rule

12(b)(6).

Dated:  September 30, 2021

_____

Michael A. Fagone
United States Bankruptcy Judge
District of Maine